[611 NYS2d 254]

In the Matter of GERALD L. HAMBY (Admitted as GERALD LEOPOLD HAMBY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 2, 1994

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Muriel L. Gennosa* and *Robert P. Guido* of counsel), for petitioner.

*Scheyer & Jellenik,* Smithtown *(Stephen R. Jellenik* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report while the respondent cross-moves to reject the findings of the Special Referee or to modify the findings in that report to conform to the testimony contained in the record.

The respondent is charged with four separate acts of misconduct, including preparation and service of a fictitious judgment upon a debtor in connection with a collection matter; wrongful pursuit of a collection matter, even after evidence of satisfaction of the underlying debt was brought to his attention; making misleading and inherently inconsistent statements to the Grievance Committee on two separate occasions in connection with the investigation of a complaint; and pursuing a collection matter, despite instructions from the client to cease doing so.

Charge One emanated from a $4,000 bill referred to the respondent for collection on behalf of a doctor for fees. The respondent, on behalf of the doctor, issued a summons and complaint, dated July 16, 1990, against the patient and her parents, as defendants. After being served with the summons and complaint, the patient's mother telephoned the doctor's office, explaining that the debt was previously satisfied and that full settlement was accepted by his former medical partner on or about July 6, 1990. The defendants were advised that the doctor knew of the satisfaction but requested a copy of the canceled check that his former partner had signed.

The doctor's former partner sent a letter to the respondent, dated August 9, 1990, stating that he had performed the medical services for which the respondent's client had billed while he was associated with the respondent's client; the patient's mother paid the outstanding balance; and the money was placed in an escrow account pending resolution of a dispute involving the disposition of accounts receivable from the former medical partnership. The letter noted that an attorney for the respondent's client had been provided with copies of checks deposited in escrow, along with appropriate

bank statements. The former partner asked the respondent to discontinue the action.

Based upon that letter, the patient's mother believed that the civil action was settled, and she and her family did not submit an answer to the complaint in the action. On August 29, 1990, the respondent advised the patient's mother and her family that he would discontinue the action upon his receipt of the front and back of the canceled check evidencing payment.

On that same date, a default judgment was prepared by the respondent's office and forwarded to the First District Court, Suffolk County, for signature. Copies reflecting the respondent's stamped signature were placed in the respondent's file. The judgment, which included interest and fees, was in the amount of $4,717.42.

On or about August 29, 1990, the patient's mother telephoned the First District Court, explaining that she believed that the matter was settled, but requesting time to respond to the summons and complaint in light of her conversation with the respondent. The defendants moved for an extension of time to answer the complaint.

The patient's mother visited the respondent's office on or about September 10, 1990, to show him the original canceled check. After speaking with the respondent, she left the respondent's office without giving him the check. The respondent did not oppose the motion to extend the time to answer.

On or about October 15, 1990, the respondent forwarded to the patient's mother and her family a default judgment, purportedly entered by the First District Court, Suffolk County, on September 11, 1990. The records of First District Court, Suffolk County, reflect that the matter was pending on September 11, 1990, but that no judgment by default had ever been issued. Nor was Raymond Townsend, the signatory of the purported judgment, a clerk of the First District Court, Suffolk County, during September 1990.

The First District Court, Suffolk County, extended the time to answer, and by notice dated October 30, 1990, returned the respondent's proposed default judgment.

It is charged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law in his efforts to collect a debt, when he prepared or caused to be prepared a fictitious District

Court judgment, which was served upon the patient's mother and her family.

Charge Two alleged that the respondent exhibited uncooperative behavior in the confirmation of payment of the patient's mother's debt by continuing collection efforts. The respondent advised the petitioner that he delivered a copy of the letter dated August 9, 1990 to Premium Collection Agency, requesting that they have his client contact him. The respondent made no direct efforts to contact his client. Nor did he make any written inquiries of the Premium Collection Agency, the client, or his former partner, to obtain the confirmation of payment he had requested.

On October 30, 1990 and November 1, 1990, the patient's mother and her family submitted answers to the civil action denying any debt owed. On December 3, 1990, at a prearbitration calendar call, the respondent advised the court that the case could not be settled. By certified letter dated December 10, 1990, the patient's mother forwarded to the respondent a copy of the canceled check which satisfied the debt. The respondent executed a stipulation of discontinuance on January 23, 1991.

The Grievance Committee charges that the aforesaid conduct, constituting uncooperative conduct in the confirmation of payment to the respondent's client's former partner, including continued collection efforts until January 23, 1991, is prejudicial to the administration of justice, and adversely reflects on his fitness to practice law.

Charge Three alleged that the respondent made misleading and inherently inconsistent statements to the petitioner during the course of its investigation of the complaint which forms the basis of Charges One and Two. The inconsistencies evolve from a comparison of two statements made by the respondent: (1) his letter to the petitioner, dated November 29, 1990, which constituted his initial answer to the complaint and (2) his deposition testimony before the Grievance Committee on July 31, 1991.

By letter dated October 18, 1990, the patient's mother filed a complaint against the respondent with the Suffolk County Bar Association. This complaint was forwarded to the petitioner. With respect to the purported judgment which had been entered, the complaint alleged that no such judgment had been entered and that the First District Court, Suffolk County, did not employ a clerk named Raymond Townsend.

The petitioner forwarded the complaint to the respondent, along with supporting documents submitted by the patient's mother and her family, and requested his written response within 15 days. In his written response to the Grievance Committee, dated November 29, 1990, the respondent labeled the documents submitted "false and misleading". The respondent maintained that no part of the claim of $4,000 has been paid to his client "and the bill remains due to date". During the course of his deposition, the respondent testified that he had read only the complaint and none of the annexed documents.

In the course of his written answer, the respondent maintained that: (1) the former partner's letter was either in error or written with the objective of prejudicing his client, and (2) on direction of his client, the respondent had to continue the lawsuit until evidence of payment was supplied. During his deposition, the respondent testified that he immediately sent the letter to the Premium Collection Agency with a directive that they forward it to his client. The respondent claimed that he constantly asked Premium Collection to have his client contact him without success.

The petition charges that the respondent's conduct in submitting misleading and inherently inconsistent statements during the course of the petitioner's investigation constitutes conduct prejudicial to the administration of justice.

Charge Four alleged that the respondent continued collection efforts against a debtor despite notice of payment and notice from the referring collection agency to cease collection efforts.

On or about January 3, 1990, Mark Goldberg of R & M Associates (hereinafter R & M) referred to the respondent a $388 debt from Alliance Paper & Packaging Co., Inc., doing business as Bunzl Packaging, against All Island Window Tinting Co. (hereinafter All Island). R & M instructed the respondent not to grant compromises or extensions without its authorization. After the debt was referred, R & M and All Island reached a satisfactory payment arrangement.

All Island advised the respondent that it had made several payments to Mr. Goldberg and intended to continue making payments. All Island refused to reveal the amount of the payments or when they were made.

On two separate occasions, R & M telephoned the respondent's office and requested that the respondent cease collection

efforts. By letter dated June 24, 1991, R & M unequivocally informed the respondent that the subject matter was closed, requested that he stop forwarding any future correspondence to All Island, and directed him to remove this account from his computer.

By letter to R & M dated June 26, 1991, the respondent asserted that he was rejecting the letter dated June 24, 1991. The respondent indicated that he had been instructed to continue collection efforts and maintained that a summons and complaint had already been duly served, and if R & M wanted him to discontinue efforts on the subject account, it first needed to pay all of his fees and expenses. Notwithstanding the respondent's representation, the affidavit of service indicated that the summons and complaint were not served until July 8, 1991.

On July 10, 1991, the respondent served Mark H. Goldberg, doing business as R & M, with a summons and complaint seeking payment of his legal fees and expenses resulting from collection of this debt, as well as other matters referred by R & M.

On July 12, 1991, the respondent wrote to R & M indicating that All Island had purportedly made three payments, and requesting confirmation of the dates and amounts. On July 16, 1991, the respondent wrote to Alliance Paper & Packaging Co., Inc., seeking confirmation of the dates and amounts of the three purported payments.

In or about July 1991 the respondent collected an unrelated debt which had been referred to him by R & M. From the sum collected, the respondent also deducted his commission on the debt of All Island and the expenses on all the R & M referrals. The respondent forwarded to R & M a statement dated July 29, 1991, stating that his fee on the All Island matter would be held in escrow. He remitted a balance of $218.28 to R & M.

By letter dated August 16, 1991, the respondent again asked of R & M the status of the payment arrangement of All Island. R & M responded with a letter stating that "it would be best that our relationship be ended at once" and requesting, *inter alia,* stipulations of discontinuance for the All Island matter, a letter stating that the account had been closed, and copies of valid judgments and other pertinent information upon which the respondent made the aforesaid deductions.

By letter dated September 6, 1991, the respondent forwarded a copy of one of the stipulations of discontinuance and

further requested the name of the new attorney for R & M so that files could be forwarded to new counsel. R & M directed the respondent to return all papers to it at once. A stipulation discontinuing the action against R & M was not executed until October 4, 1991.

The respondent's continued efforts to secure a fee against a debtor despite notice of payment and a directive to cease collection from the collection agency which referred the claim constitutes conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law.

Based upon the evidence adduced, we conclude that all four charges were sustained by a preponderance of the evidence. Accordingly, the report of the Special Referee is confirmed and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have considered the character letters submitted as well as the respondent's assertion that the charges do not involve the misapplication of funds, failure to provide services to a client, or other allegations of wrongful conduct involving moral turpitude. However, the petitioner's records reflect that the respondent has an extensive disciplinary history consisting of four Letters of Admonition and one Letter of Caution. Under the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to reject the findings of the Special Referee or, in the alternative, to modify the finding in that report to conform to the record is denied; and it is further,

Ordered that the respondent, Gerald L. Hamby, is suspended from the practice of law for a period of five years, commencing June 2, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, sus-

pended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gerald L. Hamby, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.